IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE BLAKEY, HD-5410,  )
    Petitioner,  )
                                  )
      v.  ) 2:10-cv-857
                                   )
ATTORNEY GENERAL, et al.,  )
    Respondents.  )

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Leslie Blakey for a writ of habeas corpus be dismissed, for failure to exhaust the available state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Leslie Blakey, an inmate at the State Correctional Institution at Greene has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.[1] Blakey is presently serving a five to fifteen year sentence imposed following his conviction, by a jury, of possession with intent to deliver at No. 453 of 2003 in the Criminal Division of the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was

---

[1] Blakey payed the initial filing fee and then moved and was granted leave to proceed further in forma pauperis.

1

imposed on April 13, 2007.[2]

An appeal was taken to the Superior Court, which Court affirmed the judgment of sentence on September 26, 2008 and a petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 12, 2009.[3]

Blakey filed a post-conviction petition in the Court of Common Pleas on March 19, 2010 where it is presently pending.[4]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

---

[2] See: Petition at §§ 1-7.

[3] See: Exhibits 2 and 8 to the answer.

[4] See: Petition at § 11 and Exhibit 1 to the answer.

2

In Mason v. Meyers, 208 F.3d 414, 415 (3d Cir.2000), the Court repeated its earlier holding that "a delay in processing a collateral proceeding is not cognizable in federal habeas corpus, even if the delay amounts to a constitutional violation." In the instant case, while the petitioner would like to see his post-conviction petition disposed of with greater dispatch, it was only filed five months ago and it is reasonable to assume that a timely disposition will occur and in addition, the "delay" is not subject to federal habeas corpus review.

For this reason, Blakey's petition here is premature and it is recommended that the petition of Leslie Blakey for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within fourteen (14) days after being served, any party may serve and file written objections to the Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: August 24, 2010    United States Magistrate Judge